**Elisabeth SHARP,**

**v.**

**GOVERNMENT OF THE VIRGIN IS-LANDS; Roy Martin, Tax Assessor Government of the Virgin Islands and Roy Martin Appellants,**

Cyril V Francois Associates,

v.

Government of the Virgin Islands; Roy Martin, Tax Assessor Government of the Virgin Islands and Roy Martin Appellants,

Sugar Bay Club and Resort Corp.,

v.

Government of the Virgin Islands; Roy Martin, Tax Assessor Government of the Virgin Islands and Roy Martin Appellants,

Robert Schmidt; Kim Holdsworth; Robert Schmidt Development Corp; Dori P. Derr,

v.

Government of the Virgin Islands; Roy Martin, Tax Assessor Government of the Virgin Islands and Roy Martin Appellants,

Lindon Corp; Gordon L. Coffelt; Soraya Diase Coffelt; One Stop, Inc.,

v.

Government of the Virgin Islands; Roy Martin, Tax Assessor; Board of Tax Review Government of the Virgin Islands and Roy Martin, Appellants,

Berne Corporation; B & B Corporation; Twenty–One Queen Quarter, Inc.,

v.

Government of the Virgin Islands; Roy Martin, in his Official Capacity as Tax Assessor; Virgin Islands Board of Tax Review Government of the Virgin Islands and Roy Martin Appellants,

Shell Seekers, Inc; Charles W. Consolvo; Linda B. Consolvo; Snegle Gade, A Limited Partnership; Yvette B. Trust Lederberg; Arthur B. Choate; Stacy Loveland; Stewart Loveland,

v.

Virgin Islands Tax Review Board; Government of the Virgin Islands; Roy Martin, in His Official Capacity as Tax Assessor Government of the Virgin Islands and Roy Martin Appellants,

Miller Properties, Inc.,

v.

Government of the Virgin Islands; Roy Martin, Tax Assessor Government of the Virgin Islands and Roy Martin Appellants,

Bluebeard's Castle, Inc.; Castle Acquisitions, Inc.,

v.

Government of the Virgin Islands; Roy Martin, in His Official Capacity as Tax Assessor Government of the Virgin Islands and Roy Martin Appellants.

Nos. 02–4404, 02–4405, 02–4406, 02–4407, 02–4408, 02–4409, 02–4410, 02–4411, 02–4447.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) on May 1, 2003.

Decided Aug. 29, 2003.

James M. Derr, Charlotte Amalie, St. Thomas USVI, for Appellee.

Nandi Sekou, Douglas J. Juergens, Charlotte Amalie, St. Thomas USVI, for Appellants.

Before ROTH, MCKEE and COWEN, Circuit Judges.

## OPINION

ROTH, Circuit Judge.

This is an appeal from a November 19, 2002 order by the United States District Court of the Virgin Islands. The Government of the Virgin Islands and the Virgin Islands Tax Assessor (Government) were sued by the Appellees (Commercial Prop-erty Owners), who contested the method utilized by the Government to assess their property.

The Commercial Property Owners sought to discover copies of documents prepared by Kenneth Voss, a government contractor. The Government objected, claiming that the documents were pre-pared in anticipation of litigation. Pursu-ant to *Federal Rules of Civil Procedure* Rule 26(b)(3), the appellants sought to pro-tect the documents from discovery. They requested that the District Court examine the documents *in camera*. At the conclu-sion of the *in camera* hearing, the District Court ordered the Government to turn over the documents to the Commercial Property Owners. The Government filed a motion to stay the production of the documents pending appeal. On January 9, 2003, the District Court denied the stay and the Government produced the docu-ments to counsel for the Commercial Prop-erty Owners.

The following issues are raised on ap-peal: Did the District Court abuse its dis-cretion when it ordered the Government to produce the documents or, more specifical-ly, were the documents prepared in antici-pation of litigation. If the documents were prepared in anticipation of litigation, did the Commercial Property Owners demon-strate that obtaining the substantial equiv-alent by other means would expose them to an undue hardship

We have jurisdiction pursuant to 28 *U.S.C.* § 1291. Discovery orders are re-viewed for abuse of discretion. *See Holmes v. Pension Plan of Bethlehem Steel Corp.*, 213 F.3d 124, 138 (3d Cir. 2000). A court abuses its discretion if the reasoning is clearly erroneous or contrary to law. *See Id.* at 139. A finding is "clear-ly erroneous when the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has

been committed." *In re LifeUSA Holding, Inc.*, 242 F.3d 136, 143 (3d Cir.2001) (citing *United States v. Igbonwa*, 120 F.3d 437, 440 (3d Cir.1997)).

The work product doctrine was first announced in *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). After *Hickman*, Congress codified the Court's holding in Federal Rules of Civil Procedure Rule 26(b)(3). *See In re Grand Jury Subpeona Duces Tecum*, 112 F.3d 910, 924 (8th Cir.1997). In determining whether a document or other tangible item is protected work product, courts consider the nature of the document and the factual circumstances of the particular case. *Martin v. Bally's Park Place Hotel and Casino*, 983 F.2d 1252, 1260 (3d Cir.1993) (citing *In re Grand Jury Proceedings*, 604 F.2d 798, 803 (3d Cir.1979)). After considering those factors, the court must determine whether the document can be fairly identified as prepared in anticipation of litigation. *Id.* Litigation need not be imminent . . . as long as the primary motivating purpose behind the creation of the document was to aid in possible future litigation. *United States v. Rockwell*, 897 F.2d 1255, 1266 (3d Cir.1990) (citing *United States v. El Paso Co.*, 682 F.2d 530, 542 (5th Cir.1982)). The party claiming work product immunity has the burden of proving that the materials were in fact prepared in anticipation of litigation. *Holmes*, 213 F.3d at 138. Work product prepared in the ordinary course of business is not protected from discovery. *Id.*

Based on the fact that Kenneth Voss's contracts and the appraisals themselves did not support the Government's assertion that the appraisals were protected by the work product doctrine, the District Court ordered the Government to turn over the appraisals. It is clear from our review of the record that the appraisals were not prepared in anticipation of litigation.

Voss's contract clearly states that he was hired to facilitate compliance with the mandate of the District Court, pursuant to the *Berne* Settlement. Voss was to update the appraisal manual, create income valuation methods, and develop continuing education for personnel. While working for the Tax Assessor's Office, Voss's primary purpose was to aid the office in complying with *Berne* and re-valuating all commercial properties. The re-valuation of commercial properties necessarily encompassed appraising the properties regardless of pending or future appeals. Accordingly, we do not find that the District Court abused its discretion when it found that the language of Voss's contracts did not support the Government's claim that the appraisals deserved work product protection.

Though Voss's renewed contract did include the added purpose of preparing appraisals for individual properties under appeal, this does not establish that the appraisals were created with the primary purpose of preparing for anticipated litigation. In limiting work product to materials prepared in anticipation of litigation, the drafters of Rule 26 excluded "materials assembled in the ordinary course of business, or pursuant to public requirements . . . for other non-litigation purposes." *Fed.R.Civ.P.* 26(b)(3) advisory committee note. An examination of 33 *V.I.C.* §§ 2402, 2403, 2404 illustrates that the appraisals were done in the ordinary course of business of the Tax Assessor's Office, pursuant to public requirements for non-litigation purposes. Virgin Island law states that the Tax Assessor must "value and assess all commercial property" annually. 33 *V.I.C.* § 2402(b). Therefore, the appraisals would have been prepared regardless of whether the particular property was the subject of pending litigation. Furthermore, the Tax Assessor is

required to consider certain factors when assessing property. 33 *V.I.C.* § 2404. When preparing the appraisals, Voss considered all of the factors that the Tax Assessor is required to consider when performing his annual duty of assessing commercial property. Voss also followed the statutorily mandated method for preparing assessments. *See* 33 *V.I.C.* § 2403. Thus, the appraisals were created in the ordinary course of business of the Tax Assessor's Office, pursuant to public requirements for non-litigation purposes. Accordingly, the appraisals do not deserve protection under the work product doctrine.

For the reasons set forth above, we conclude that the District Court did not abuse its discretion. Accordingly, we will affirm the order of the District Court.